argument not to exceed 15 minutes per side. Mr. David Barmok, you may proceed for the appellant. Thank you. Good morning and may it please the court. Whereas here there's an arbitration agreement, the court must follow it. And may it please the court. And that includes following what the agreement says on the issue of who decides questions of arbitrability. So if a valid agreement exists, and that agreement delegates the issues of arbitrability to an arbitrator, the court may not decide those issues, but must refer them to the arbitrator for decision. But that is not what the district court did here. Here, although the district court acknowledged and it was not disputed that there was a valid agreement to arbitrate, it proceeded to ignore the arbitrability question once it was raised by Mr. Dorsa. And not follow what the agreement says about who determines arbitrability. When did you argue in the district court that this issue was for the arbitrator to decide? On reply. So what happened, Your Honor, is that we filed a motion saying that the court should enforce the arbitration agreement. Mr. Sanders, on behalf of Mr. Dorsa, filed an opposition saying, oh, no, this issue is not subject to arbitration. We contest arbitrability. And we then said, well, to the district court in our reply brief, that the issue of arbitrability must be decided by the arbitrator, should be referred to the arbitrator for decision, citing Henry Schein case and other cases. But isn't that reply in conflict with your request in the motion to dismiss itself? That the district judge should dismiss for lack of venue and various other reasons? There is certainly some tension there. However, this court, even in the Penapuchi case, I think it's pronounced, has dismissed cases on the basis of a motion to dismiss because of the existence of an arbitration agreement. And our position, quite frankly, was that it's not up to the district court, as the court held in Penapuchi, not up to the district court to frame the claim for the plaintiff. If he wanted to pursue arbitration, he could certainly have filed it. So we didn't think that the district court had to compel. We thought, enter an order of compelling arbitration. We thought that the district court could, consistent with the law in this circuit, instead dismiss the action and leave it to Mr. Dorsa to pursue the arbitration if he chose to do that. So this may be sort of shifting ground, but it's a preliminary question. So in your motion, you did not cite the FAA Sections 3 or 4 seeking a stay or a motion to compel arbitration, correct? Not really, Your Honor, because in our motion, the first line of our motion said that the motion was made pursuant to Federal Rules of Civil Procedure B-136 and the Federal Arbitration Act Section 1 et sec. I think I've got that exactly right. So we didn't specifically cite Sections 3 and 4. That is correct in the first line of the motion, but we absolutely did cite to the Federal Arbitration Act. And the Federal Arbitration Act was the frequent subject of discussion in the memorandum of law in support of the motion to dismiss because that was the whole purpose of the motion to dismiss, was that pursuant to the Federal Arbitration Act, they were obligated to arbitrate. They were in the wrong court. But you didn't ask for an order compelling or an order staying. Is that correct? We did not explicitly ask for an order compelling or staying. We asked the court to... Did you implicitly ask or did you not ask at all? Yeah, I do think that it was implicit in our papers. That one of the things that the court could do was instead of giving us what one court, FITTECH, the First Circuit referred to as the overly favorable remedy of dismissal, is that the court could have elected to instead stay the case requiring Mr. Dorsett to file or enter for a compelling. Is that part of the... Is that somehow... Can we possibly construe that as a request for that relief? Well, I think the court has done that in the past, Your Honor. In the Turi case, in the Simon case, and as recently as in the Doe versus ABCDE operating company case, in the context of the jurisdictional question of whether or not a motion to dismiss gives this court jurisdiction to rule on arbitration issues, what the courts... Are you talking about Simon or Turi? All three cases, Your Honor. Simon, Turi, and Doe. In Simon, there was a request, if you go and look. There was a request someplace in the pleadings. That is true. I believe in a footnote, if I recall correctly, that decision. There was such a request in Turi as well. Is that not true? I don't know that that's right, Your Honor. It's not my understanding of the ruling in Turi. And I would say that in Doe, for example, the most recent of these cases decided just last year, what the court said was the district court's refusal to submit those claims to arbitration on a motion to dismiss vests the court of appeals with jurisdiction. And it did that because it recognized... According to our opinion in Turi, it says, I've got it here. Main Street responded by filing a motion to dismiss, arguing that the district court lacked personal jurisdiction, that the venue was proper, and that all of the claims should be referred to an arbitrator. Is that an interpretation, at least by the court of appeals? It sounds that way, Your Honor. They asked for a referral to the arbitrator? It sounds as though it did, yes, Your Honor. But we don't have that here. So that makes me wonder whether those cases are truly on point. They are a little bit. One would be reluctant to expand those cases, given their kind of atextual content. We're talking about appellate jurisdiction now, right? And the text of the appellate statute, the statute giving the appeals court jurisdiction, requires that you have a denial of something that's been asked for. And the thing to be asked for is either a... What are the two? Either a stay or an order of compelling jurisdiction. Except that the Fourth Circuit, the Seventh Circuit, and in my understanding, this circuit, have all held that where a motion to dismiss is filed, it seeks to enforce the arbitration, and it is denied, that that is treated as appealable under either Section 3 or 4 of the federal law. Without finding language that, in effect, does that? As you think that our precedents require it, regardless of whether there's language which we can legitimately say requests that relief? I do think they require that, Your Honor. And I think they require that because the focus of your precedents, including in the ABCDD case, is on the issue of whether there was a refusal to enforce an arbitration agreement. And that is, there is no dispute in this case. One thing I think that is not disputed is that there was a refusal to enforce the arbitration agreement that exists between the parties here. Here, there was a motion to enforce it as opposed to just to dismiss the case? No, no, no. The motion to dismiss said expressly, we are moving to dismiss the case as a vehicle for enforcing the arbitration agreement. There is no doubt that the papers, although they did not refer to a motion to compel, they did not refer to a stay, but they very, very explicitly based the motion to dismiss solely on the idea that the arbitration agreement had to be enforced. Right. But if we're following the text of the statute, we have to be able to say that there was a motion either to compel or to stay. And I believe that this circuit and the fourth and seventh circuits, at least, have all treated motions to dismiss which sought enforcement of the arbitration as a motion under Section 3 or 4 of the Act. The difference between saying any such motion is a motion under the Act and saying that those cases contain something which could constitute a motion for a stay or to compel. So we're not looking for language which asks for a dismissal. We interpret the language to be that we have to find something in the motion practice which constitutes a motion to stay or compel. And in the precedence, they found within the context of a motion to dismiss a request, not automatically, but within the context of a motion to dismiss, they also found a motion to stay or compel. Whereas here, we don't have that. Why doesn't that distinguish those cases? Well, with respect, again, I think that those cases turned on the fact that they sought enforcement of the arbitration agreement. And again, in A, B, C, D, and E, in that case, there's no indication in that case that there was a request to compel. It was a motion to dismiss to enforce the arbitration agreement. Which cases are you citing right now? This is the Doe versus A, B, C, D, E operating LLC. Is that our case? That's your case. It was decided on a motion to dismiss on jurisdictional grounds. The Sixth Circuit published case? Yes. And the court held there is no question the defendant sought dismissal based on the arbitration agreement. The district court's refusal to submit those claims to arbitration vests the court of appeals with jurisdiction. That's great. And say that, that's Doe? Yes. It's in our papers, A, B, C, D, E operating LLC. Your Honor? Okay. Thank you. Could I ask a question at this point? Correct me if I'm wrong, but isn't there a difference between asking to have an arbitration agreement enforced and asking the court to compel arbitration? I mean, if the agreement requires that the claims have to be arbitrated if they're going to be carried forward, you might not care at all whether arbitration was compelled. If the party with the claims doesn't want to go to arbitration, what you would want is that the agreement that those claims are only to go to arbitration would be enforced, not that you'd be compelled to go to arbitration. The party with the claims could go away, and you'd be perfectly happy. Yeah, that is true, Your Honor, and that is why we said in our briefs that we really think it is incumbent upon the plaintiff to initiate that case rather than for us to push him into doing it. And I don't think, for the reasons I've already said in response to Judge Rogers, that our framing it as a motion to dismiss, since it was seeking to enforce the case, deprives this court of jurisdiction. And we don't care. Obviously, we assume he would pursue arbitration, but we obviously don't care whether he does. We do very much care that he abide by his agreement. And his agreement had an arbitration agreement. It had a venue provision in Dallas, Texas that required him to initiate any lawsuit, if there was a lawsuit and not an arbitration in Dallas, Texas. And instead, we find ourselves years, eight years after the fact, in the middle district of Tennessee, in a court we never agreed to, and in a forum we never agreed to, in the sense that we agreed to arbitration and arbitration only and not to in-court litigation. So I think we were well within our rights framing this as a motion to dismiss, to enforce the agreement. And I believe this court has jurisdiction to decide that. I see that I'm out of time. I just want to say one thing as well, and that is, squarely, the McGee case decided after the briefing in the lower court below, and the Blanton case decided after the decision in the lower court below. Indisputably indicate that this arbitration agreement requires that the question of arbitrability be delegated to an arbitrator, and that the court below not decide the merits but refer the case first to an arbitrator to decide whether it or the AAA decides the merits. Thank you. Thank you. Mr. Sanders? Good morning, Your Honors, and may it please the court. Nathan Sanders on behalf of the appellee, Paul Dorsa. I'd like to focus during today's arguments on three reasons why Mr. Dorsa should prevail in this appeal. First, Maraca cannot carry its burden of establishing jurisdiction because it appeals an interlocutory order that didn't deny a motion to stay or a motion to compel arbitration within the meaning of the FAA's appeal provision. Second, if the court does exercise jurisdiction, the district court should be affirmed because it correctly concluded under this court's decision in Page that the arbitration clause isn't broad enough to encompass a false claims act retaliation claim. Third, it was entirely proper for the district court to reach the scope of the arbitration clause because Maraca waived its delegation argument and because carve-out language within the arbitration clause precludes a finding that there was a clear and unmistakable delegation of arbitrability to an arbitrator. Starting with jurisdiction, Maraca can't carry its burden in this case because it purposefully chose not to seek any relief under the FAA. As Judge Rogers' questions correctly noted, jurisdiction under the relevant provisions of Section 16 only authorized jurisdiction over orders denying motions to stay that are brought under Section 3 and denying motions to compel that are brought under Section 4. And this court's recognized in this case and other cases, this is a very limited appeal provision that has to be narrowly construed. And Maraca's problem is that its motion to dismiss was neither a motion to stay or a motion to compel. And Mr. Barmak just conceded that Section 3 and Section 4 weren't cited as a basis for relief and that they never, they being Maraca, never asked for a stay or an order compelling arbitration in their papers. Under the plain language of the statute and the overwhelming weight of circuit authority on this issue, that's fatal to Maraca's jurisdictional argument. Counsel, this is Judge Rogers. The only flaw that I see in your argument, but it may be the key one, is the cases of Turi and Simon and this case of Doe that he cites. Your Honor, those cases are distinguishable. And as this court recognized that the motions panel in this case recognized the jurisdictional question here hasn't been squarely addressed in the court's prior decisions. And the reason for that is that in Simon and Turi, it's true that the moving party sought to enforce an arbitration clause by filing a motion to dismiss. But as the court recognized in Taylor, it was clear in both of those cases that the moving party was actually trying to arbitrate. The same is true of the Doe case that Mr. Barmak referred to. And I'd just like to read a line from the motion in that case. And the moving party in Doe specifically argued that the quote, the court must compel the parties to arbitrate their claims. So there was a specific request and a specific argument that the court needed to compel arbitration. And what makes all those cases different from this one is that Morocco never asked for any of that relief. It asked only for a dismissal with prejudice, which actually could have barred any attempt to arbitrate under the doctrine of res judicata. And I think it's important to emphasize this wasn't some type of inadvertent oversight. In Mr. Dorsey's response below, he emphasized the fact that Morocco hadn't asked for any relief under the FAA and was actually trying to bar the arbitration or any any potential arbitration by seeking a dismissal with prejudice. And what Morocco did in reply was it doubled down. And again, it only asked for a dismissal and it refused to ask for any relief under the FAA. Now, I'd like to briefly address the argument that merely trying to enforce an arbitration clause is sufficient to invoke jurisdiction under Section 16. It's clearly not under the language, the plain language of Section 16. There's no category that allows appeals of orders merely denying enforcement of an arbitration clause or of orders denying motions to dismiss that are based on an arbitration clause. And in the Conrad case, that's the Tenth Circuit decision that's been adopted by three other circuits since it was decided. The moving party in that case did cite the FAA. They did try to enforce an arbitration clause and the Tenth Circuit said that's not enough because this isn't a motion to compel. It's not a motion to stay. And the moving party hasn't asked for any of that relief in their moving papers. I'd also like to briefly address the argument in Morocco's brief that there should be jurisdiction because the district court's order had the same effect as an order denying a motion to compel arbitration, at least in the sense that both types of orders require litigation of the retaliation claim. Well, this court's already rejected an approach to Section 16 that turns on practical effect. That was the holding in the Arthur case and in the attack court case. And the Supreme Court validated this approach in Arthur Anderson when it said the focus under Section 16 is on the category of the order appealed from. Does the order fit within one of those narrow categories under Section 16? Counsel, before you leave the jurisdictional issue, is it true that if we were to agree with you and dismiss this case for lack of jurisdiction, all you would have to do is go into court and ask for a stay and then be right back here with the same issues? No, Your Honor, they wouldn't have a basis for going back to the district court on this issue because the district court's ruling on the scope of the arbitration clause would be law of the case. And they wouldn't be able to go back to district court and assert their delegation argument they didn't preserve because that argument's been waived. So there's no way for them to re-raise this issue on remand if the appeal is dismissed for lack of jurisdiction. Moving on to the second point, if the court does exercise jurisdiction, the district court should be affirmed, because it correctly held under this court's decision in Page, that the arbitration clause isn't broad enough to encompass a False Claims Act retaliation claim. In Page, the court held that an arbitration clause covering claims that arose from an agreement wasn't broad enough to cover a False Claims Act retaliation claim. And that's because the retaliation claim didn't exist or originate because of the agreement and could be proved and maintained independently of the agreement. That same exact analysis applies here. Mr. Dorsey's False Claims Act retaliation claim doesn't arise out of or in connection with the agreement. It arose because of the statute and Mr. Dorsey can maintain that claim without referring to any contractual agreement. The in connection with phrase in this arbitration clause doesn't change the result from Page. And there's a few reasons for that. The first is the phrase in connection with in the arbitration clause is still modified by the term arising. It covers claims arising in connection with the agreement. That's the most natural way to read the arbitration clause. And in fact, is the interpretation that Morocco advanced its reply brief below. And that's at record 99 page ID 842. And the significance of the term arising is that it restricts the scope of the clause to claims that find their origins in the contractual agreement itself. Again, the retaliation claim didn't originate because of the agreement. It is a statutory claim that can be maintained without reference to the agreement. In addition, this court's looked at even broader language, language extending arbitration clauses to claims that relate to agreements. And said that that language still isn't enough to encompass independent claims that can be proven without reference to the agreement. That was the court's decision in KV Minox, where it said a statutory discrimination claim didn't arise from or relate to policies and procedures because its existence didn't depend on policies and procedures. And it can be proven without referring to those policies and procedures. The court reached a similar conclusion in the NCR court case. There, it said the claim that an arbitration clause covering claims relating to a software licensing agreement wasn't broad enough to encompass copyright and tort claims that can be proven and maintained independently of the agreement. And I think it's significant to note that in that case, the court reached that conclusion, even though the copyright and tort claims related to the party's business relationship. And even though the contract could be used to prove liability on some of those claims. Here, with even narrower language arising in connection with language, it's clear that's not broad enough to encompass a retaliation claim that didn't originate because of the agreement and can be maintained without referring to the agreement. What about the issue as to whether this was for the district court to decide or whether it's for the arbitrator to decide? Your Honor, that argument fails for two different reasons. The first is Morocco waived that argument by failing to raise it until its reply brief below. As Mr. Barmack conceded in his argument, that wasn't presented in the initial motion to dismiss. And this court's precedent is clear that when an argument is not raised until reply, and the district court doesn't even consider it, that argument is waived for purposes of appeal. Now, as to Mr. Barmack's argument that arbitrability wasn't really an issue until Mr. Gorsuch responded to the motion to dismiss, I would respectfully disagree. Morocco asked the district court to dismiss this case with prejudice, specifically on the ground that the arbitration clause was valid and broad enough in scope to encompass the retaliation claim. Morocco specifically invited the district court to rule on arbitrability. And had it wanted to avoid placing arbitrability at issue, it should have asked for a stay so that this matter could be referred to an arbitrator for an arbitrator to determine those issues. That's clearly not what Morocco requested. The second reason the argument fails is because of the carve-out language in the arbitration clause. The arbitration clause, it's true, it does incorporate the AAA rules. And this court held in Blanton recently that incorporation of the AAA rules can constitute a valid delegation of the issue of arbitrability. But what makes this case different is the carve-out. The carve-out says the parties have to arbitrate under the AAA rules except as provided below. And what's provided below in the arbitration clause is a key carve-out phrase. It says the parties can pursue injunctive or equitable relief in court, and here's the key phrase, without first submitting the matter to mediation or arbitration. So what this means is any time a case is brought in court by one of the parties, a court's going to always have to address arbitrability by looking at the scope of that carve-out provision. A court can't say, well, we've got a case here, and there may be a carve-out, but I've got to send this to an arbitrator so that the arbitrator can determine arbitrability. Doing that would violate the contractual guarantee that the parties get to go to court without having to go to mediation or arbitration when there's a request for injunctive or other equitable relief. And before I conclude, I'd like to just briefly return to the scope of the arbitration clause and make one final point. And that's this. The only types of claims that are mentioned in the arbitration clause are contractual claims. The representative claims that the arbitration clause lists are those regarding the negotiation, interpretation, execution, performance, and non-performance of the agreement. There's no mention of False Claims Act claims, and there's no mention of statutory claims. This is significant for three different reasons. First, in Page, the fact that retaliation claims weren't mentioned by that arbitration clause further convinced the court that the retaliation claim wasn't covered. Second, under the doctrine of a justum generis, the fact that the only representative claims listed are contractual ones indicates that other types of claims, like a statutory retaliation claim, aren't covered. And finally, the language of the arbitration clause stands in stark contrast to the severance agreement that Morocco presented to Mr. Dorsa, which specifically mentioned statutory claims and specifically mentions claims under the False Claims Act. Morocco knew how to make sure that an arbitration clause would cover False Claims Act retaliation claims, and it chose not to do so. Can I ask a question that follows up from my previous question about what would happen if we agreed with you on the jurisdictional issue, whether they would be able to ask for a stay at that time and you'd said no because of law of the case? What if we were to disagree with you on that answer? Does that mean that there would be jurisdiction? No, Your Honor. So if we decide there's no jurisdiction, we would not be saying one way or the other whether the law of the case applied? No, Your Honor. I suppose if Morocco on remand tried to reassert that argument, that would be an issue that would have to be addressed in the first instance by the district court. Thank you, Your Honor. Thank you very much for your time this morning for the reasons discussed today. And in our briefs, we would ask that this appeal be dismissed for lack of jurisdiction. In the alternative, we would ask the district court's order be affirmed. Thank you. Thank you, Mr. Barmack. You're on mute. There we go. Let me first address Paige and Mr. Sanders' analysis, which turns the law, the evolving law, but there are a lot of recent cases, including from the Supreme Court and this circuit, turns on its head that law. What the law provides is that the court must address the issue of arbitrability when it is raised and if it is raised. And in doing so, it has to look at the party's agreement to decide who decides that issue. Under Blanton, there is no issue whatsoever that it was not appropriate for the district court to decide that issue. Moreover, it's clear that he decided it incorrectly. Point number one is that he applied the wrong law. And Mr. Sanders has discussed the wrong law. It doesn't matter what Paige says about how or with respect to what the Sixth Circuit says about what the words arising out of an in-connection mean. What matters is what the law of Texas says about that issue. That issue is a question of statutory, of contractual interpretation, and it's a question of state law. Even in the Blanton decision, the court acknowledged, Judge Finkberg acknowledged, that while the issue of what is or is not clear and unmistakable evidence of the party's intent is a federal issue, that the questions of contract interpretation are still state law issues. And in Texas, and we cite the Halliburton case in the Fifth Circuit, it is clear that where a party says in their agreement all disputes arising out of or in connection with this agreement, which is exactly what this agreement says, that is an indication of the party's intent to cover disputes not relating only to the agreement, but also to the relationship. And the reason why Paige went the way Paige went is it did not have in-connection language, and the court said that in that case, the language only related to disputes relating to the agreement, not disputes relating to the party relationship. In Texas, the language in this case clearly would be interpreted as having this broader meaning, and therefore would require, would bring within the scope of the arbitration clause the FCA retaliation claim brought by Mr. Dorsa. But that is an issue for the arbitrator to decide if the matter reaches arbitration. The carve-out is an issue for the arbitrator to decide if the matter reaches arbitration. What should not be done is what's trying to be done here, is to have the decision made by a forum that the parties agreed would not make the decision. And the Supreme Court and this circuit, and as Judge Thaper says, every circuit has been clear that where the agreement clearly requires that arbitrability be decided by an arbitrator, the court shouldn't decide the issue. Nonetheless, the court decided the issue here, and Mr. Dorsa is trying to ride that all the way home by precluding us from even raising this on remand should we need to do that. Thank you. Your time has expired. Thank you both for the argument, and the case will be submitted.